**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
TOUCHSTONE STRATEGIC TRUST et al.,

                        Plaintiff,
-against-                                       19 **CIVIL** 1876 (JMF)

**JUDGMENT**

GENERAL ELECTRIC COMPANY et al.,

                        Defendants.
------------------------------------------------------------X

        It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated September 28, 2022, Defendants' motion to dismiss must be and is GRANTED. That leaves the question of whether Plaintiffs should be granted leave to amend. Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend," Broidy Cap. Magmt. LLC v. Benomar, 944 F.3d 436, 447 (2d Cir. 2019) (internal quotation marks omitted). Here, Plaintiffs do not request leave to amend, and the Court has declined to grant them leave sua sponte for several reasons. First and foremost, Plaintiffs were already granted two opportunities to amend - first, in response to the Court's decision in Sjunde, see ECF Nos. 15, 18, and, second, in response to Defendants' initial motion to dismiss, see ECF No. 23.5 Moreover, when granting Plaintiffs leave to amend in response to Defendants' initial motion to dismiss, the Court expressly cautioned that "Plaintiffs will not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss." ECF No. 26. In light of that history, Plaintiffs' "failure to fix deficiencies in its previous pleadings is alone sufficient ground to deny leave to amend sua sponte." Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P., 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013) (citing cases).

Finally, Plaintiffs do not request leave to amend for a third time and do not suggest that they are in possession of facts that would cure the problems with their claims. See, e.g., Clark v. Kitt, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014) ("A plaintiff need not be given leave to amend if [it] fails to specify how amendment would cure the pleading deficiencies in [its] complaint."). Accordingly, the Court has declined to grant Plaintiffs leave to amend sua sponte. See, e.g., Bromfield-Thompson v. Am. Univ. of Antigua, No. 20-3855, 2021 WL 4931953, at *2 (2d Cir. Oct. 22, 2021) (summary order) (finding no abuse of discretion where the plaintiff "did not request leave to amend her complaint a second time in the district court, and the district court clearly warned her that she would forfeit the chance to address any issues raised in the motions to dismiss if she did not address those issues in her amended complaint."); accordingly, the case is closed.

**Dated:**  New York, New York

       September 30, 2022

**RUBY J. KRAJICK**

**Clerk of Court**

**BY:** *K. Mango*

**Deputy Clerk**