**MANDATE**

22-2835-cv
Touchstone Strategic Tr. v. General Electric Co.

1:19-cv-01876-JMF

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Oct 10 2023

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand twenty-three.

PRESENT:  REENA RAGGI,
          RAYMOND J. LOHIER, JR.,
          SUSAN L. CARNEY,
               *Circuit Judges*.
------------------------------------------------------------------

TOUCHSTONE STRATEGIC TRUST,
TOUCHSTONE VARIABLE SERIES TRUST, THE
WESTERN AND SOUTHERN LIFE INSURANCE
COMPANY, WESTERN-SOUTHERN LIFE
ASSURANCE COMPANY, WESTERN &
SOUTHERN FINANCIAL GROUP, INC.,
INTEGRITY LIFE INSURANCE COMPANY,

*Plaintiffs-Appellants*,

v.                                                      No. 22-2835-cv

GENERAL ELECTRIC COMPANY, JEFFREY R.
IMMELT, JEFFREY S. BORNSTEIN, KEITH S.

MANDATE ISSUED ON 10/10/2023

| | | |
|---|---|---|
| 1 | SHERIN, | |
| 2 | | |
| 3 | *Defendants-Appellees.** | |
| 4 | ----------------------------------------------------------------- | |
| 5 | FOR PLAINTIFFS-APPELLANTS: | STEVEN S. FITZGERALD, |
| 6 | | (William A. Maher, *on the* |
| 7 | | *brief*), Wollmuth Maher & |
| 8 | | Deutsch LLP, New York, NY |
| 9 | | |
| 10 | FOR DEFENDANTS-APPELLEES: | ROMAN MARTINEZ, (Blake T. |
| 11 | | Denton, Samir Deger-Sen, |
| 12 | | Michael W. Jin, Christina R. |
| 13 | | Gay, Sean M. Berkowitz, |
| 14 | | William J. Trach, *on the brief*), |
| 15 | | Latham & Watkins LLP, |
| 16 | | Washington, DC, New York, |
| 17 | | NY, Chicago, IL, and Boston, |
| 18 | | MA |

Appeal from a judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

The Plaintiffs, who are former investors in Defendant General Electric Co. (GE), appeal from a September 30, 2022 judgment of the United States District Court for the Southern District of New York (Furman, *J.*) granting a motion to

---

* The Clerk of Court is directed to amend the caption as set forth above.

1    dismiss under Federal Rule of Civil Procedure 12(b)(6).  The Plaintiffs brought

2    suit against GE and three of its officers alleging claims under the Securities

3    Exchange Act of 1934, Securities and Exchange Commission Rule 10b-5, and

4    Ohio state law.  We assume the parties' familiarity with the underlying facts and

5    the record of prior proceedings, to which we refer only as necessary to explain

6    our decision to affirm.

7         Our brief recitation of the factual background is based on the allegations in

8    the Plaintiffs' second amended complaint.  Over 2017 and 2018, GE stock lost

9    approximately half of its value.  The Plaintiffs allege that the Defendants made

10   multiple misstatements of material fact to conceal GE's true financial condition

11   prior to that loss.  They group those alleged misstatements into three categories.

12   First, when GE acquired Alstom SA's power business, the Defendants publicly

13   overstated Alstom's value and failed to disclose that GE had not properly

14   calculated the enterprise (or total) value of the acquired assets.  Second, the

15   Defendants failed to disclose that GE had manipulated its reporting of revenues

16   from long-term service agreements (LTSAs) "to create the illusion that GE Power

17   [a division of GE] was performing better than it actually was."  App'x 35.

18   Third, the Defendants misleadingly told investors that GE had effectively

3

eliminated its exposure to liabilities from its long-term care reinsurance business.

The Plaintiffs filed this suit on February 27, 2019. The District Court held the case in abeyance pending the disposition of motions to dismiss in *Sjunde AP-Fonden v. General Electric Co.*, No. 17-cv-8457, a class action pending before the District Court involving similar claims. After the District Court granted in part motions to dismiss the fourth and fifth amended complaints in *Sjunde*, the Plaintiffs in the instant case, who opted out of the *Sjunde* case, filed the operative complaint and the Defendants filed a motion to dismiss for failure to state a claim. The District Court granted that motion and held in part that the Plaintiffs had not adequately alleged that the Defendants acted with scienter as required by the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(2)(A).

Having considered the parties' arguments on appeal and reviewed the District Court's dismissal of the Plaintiffs' complaint *de novo*, *see Alix v. McKinsey & Co., Inc.*, 23 F.4th 196, 202 (2d Cir. 2022), we affirm substantially for the reasons stated by the District Court, except as noted in footnotes 1 and 2 of this summary order.[1] The District Court viewed the allegations concerning the Alstom

---

[1] Our holding does not rely on the District Court's decisions in *Sjunde* or other related matters, and we do not express any opinion regarding such other decisions.

acquisition holistically and correctly determined that the Plaintiffs have not adequately pled scienter.  As to the LTSAs, we agree with the District Court that Plaintiffs failed adequately to plead scienter because according to the allegations in the complaint itself and contrary to the Plaintiffs' arguments on appeal (1) GE disclosed that it regularly revised its LTSA accounting estimates, resulting in adjustments that increased earnings by over $1 billion, and (2) more specifically, Plaintiffs fail to allege facts indicating that Defendants were "at least consciously reckless" by failing to disclose additional information related to the "factoring" of revenue.[2]  *Stratte-McClure v. Morgan Stanley*, 776 F.3d 94, 106 (2d Cir. 2015). Finally, as to the reinsurance liabilities, we agree with the District Court that the Plaintiffs have not adequately pled that GE or the individual Defendants acted with scienter.  Instead, the Plaintiffs allege only that the business unit responsible for monitoring and evaluating GE's reserves for long-term care insurance claims knew that its accounting approach improperly made it appear that GE had adequate reserves for those claims.  The Plaintiffs do not allege, however, that GE or the individual Defendants were timely informed of the

---

[2] We do not address the District Court's alternative holding based on its reasoning in the *Sjunde* decisions.

5

improper accounting approach.

We have considered the Plaintiffs' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

                                                FOR THE COURT:
                                                Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

6